IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIRST FINANCIAL MANAGEMENT GROUP, INC., | : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | |
| UNIVERSITY PAINTERS OF BALTIMORE, INC., et al., | : : | NO. 11-5821 |
| Defendants. | : | |

MEMORANDUM DENYING MOTION TO DISMISS

**Baylson, J.**                                                                                                       **April 5, 2012**

### I.   Introduction

This action arises out of the alleged violation of a non-compete clause contained in a contract that granted Defendant Michael Herzog a license to operate a "University Painters" painting business.  Defendants in this case are Michael Herzog, Amy Herzog, Dennis Herzog, and Barbara Herzog (collectively, "the Herzog family"), as well as University Painters of Baltimore, Inc. ("UPB") and Perfect Painting and More, Inc. ("Perfect Painters").  Plaintiff First Financial Management Group, Inc. ("FFMG") filed suit in Pennsylvania state court, asserting the following claims against the following Defendants: Count I: breach of contract, asserted against Michael Herzog only; Count II: tortious interference with contractual relation, asserted against Perfect Painters and the Herzog family; Count III: conspiracy, asserted against all Defendants; and Count IV: violation of the Lanham Act, asserted against all Defendants.  Defendant removed the case to this Court.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction

1

(ECF No. 12), filed October 4, 2011.  Plaintiff responded on October 25, 2011 (ECF No. 17).  During a November 2, 2011 conference call with attorneys for both sides, the Court granted Plaintiff leave to submit a supplemental response to Defendants' Motion.  Plaintiff submitted the supplemental brief on November 7, 2011 (ECF No. 19) and Defendant filed a Reply Brief on November 18, 2011 (ECF No. 20).  The Court also held a hearing on December 19, 2011 on the Motion to Dismiss as well as a Petition for Contempt (ECF No. 15) brought by Plaintiff, which is not the subject of this Memorandum.  At the hearing, Plaintiff declined the opportunity to hold an additional evidentiary hearing on the jurisdictional issue.  The Court also granted Plaintiff permission to file additional documentation in support of personal jurisdiction; however, Plaintiff did not file any other documents.  Testimony relevant to this motion was also elicited at a Preliminary Injunction Hearing held on September 23, 2011.  The question of personal jurisdiction having been fully briefed and argued by the parties, it is now ripe for decision by the Court.

For the reasons discussed below, the Court will DENY Defendants' Motion to Dismiss.

**II.     Factual Background**

Plaintiff alleges the following facts.  FFMG is a well-known house painting company that licenses its trademark and trade name "University Painters" to numerous licensees in east coast states including Maryland and Pennsylvania.  Compl. ¶¶ 4-5.  In 1999, Michael Herzog entered into a Licensing Agreement ("the Contract") with FFMG.  Compl. ¶ 6; see also Licensing Agreement, Compl. Ex. A.  Michael Herzog then formed his company, Herzog Painting, Inc. which conducted business as "University Painters" until 2005, when it changed its name to "University Painters of Baltimore."  Compl. ¶ 7.  The Contract prohibited the Licensee – in this

case, Michael Herzog – from participating in any way in a business, venture or activity involving painting anywhere in the United States or Canada for three years following the expiration of the Contract. Compl. ¶ 9; Licensing Agreement, Compl. Ex. A § 8. Around 2008, Michael Herzog's revenues (and consequently the licensing fees he owed Plaintiff) began to decline and he was repeatedly tardy in providing sales information and remitting licensing fees to Plaintiff. Compl. ¶¶ 8,10. After making efforts to bring Michael Herzog into compliance with his obligations under the Contract, see Compl. ¶¶ 12-14, Plaintiff terminated the Contract. See Compl. ¶¶ 14-15. Before Plaintiff terminated the Contract, the Herzog family began operating the company Perfect Painters in the geographic location Plaintiff originally licensed to Michael Herzog. Compl. ¶ 15. Perfect Painters purchased a radio advertising slot that told listeners that the Herzog family (formerly UPB) was still in operation under the new name Perfect Painters. Compl. ¶ 16.

The Complaint acknowledges that each member of the Herzog family is a resident of Maryland. Compl. ¶ 2(b), (d)-(f). Additionally, UPB and Perfect Painters are both Maryland Corporations with usual places of business in Maryland. Compl. ¶ 2(a), (c).

The Contract also dictates the venues in which the parties could litigate a dispute. It specifies:

> The parties agree that they will not assert or prosecute any claims against the other arising under, relating to or in any way involving the terms of this Agreement or their business relationship . . . except in the Federal Courts of the Eastern District of Pennsylvania or state courts located in Chester or Montgomery counties, Pennsylvania or state courts of Montgomery County, Maryland and each party consents to the personal jurisdiction in these courts regarding any such claims, and that each agrees it will not seek to transfer or to change the venue of any action in compliance with

      this choice of forum.

Licensing Agreement, Compl. Ex. A at 12. The contract was signed only by Michael Herzog. See id. at 13.

### III. Legal Standards

#### A. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal Lanham Act claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

#### B. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a court is required to accept the plaintiff's allegations as true and must construe any disputed facts in the plaintiff's favor. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010). Once a defendant raises a jurisdictional defense, the plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). If the court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. Id. However, if the Court conducts an evidentiary hearing, plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. Atiyeh v. Hadeed, No. 04-2621, 2007 WL 853816, at *4 (E.D Pa. March 19, 2007).

Because testimony related to personal jurisdiction was elicited at two evidentiary hearings in this case, and because Plaintiff was given an opportunity to have yet another hearing and provide additional evidence but declined, the Court will apply the preponderance standard.

**IV.    The Parties' Contentions**

Defendants first argue that the jurisdictional clause in the Contract does not bind University Painters of Baltimore or Michael Herzog because Plaintiff terminated the contract, rendering the jurisdictional clause unenforceable. Defs. Motion to Dismiss, ECF No. 12, at 1. Plaintiff responds that this argument is nonsensical because the jurisdictional clause would only be invoked if there were a breach of the agreement. Pl. Br., ECF No. 17, at 6.

The Court need not address the parties' other arguments because, for the reasons described below, it finds that the forum selection clause is valid and binds all Defendants.

**V.     Discussion**

"[A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), overruled on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989). Defendants have not challenged the enforceability of the forum selection clause on any of these grounds. Their only argument seems to be that the contract was terminated by Plaintiff and therefore that the clause no longer applies. The Court agrees with Plaintiff that this argument must fail in light of the fact that the clause would only be invoked if the parties had a dispute, which could include a post-termination enforcement of the contract's provisions. Moreover, the Court finds that none of the exceptions to enforcement apply here. Therefore the Court will enforce the provision of the Contract that requires the parties to litigate

disputes in certain courts, including the Eastern District of Pennsylvania, and expressly notes that the parties to the contract consent to personal jurisdiction in this forum. The Court therefore finds that it has personal jurisdiction over Michael Herzog, who signed the Contract.

In addition, "[i]t is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." Donachy v. Intrawest U.S. Holdings, Inc., No. 10-4038, 2011 WL 2973543, at *2 (D.N.J. July 21, 2011) (internal quotation marks omitted). Third parties that "should have foreseen governance by the clause" may also be bound by it. Id. (quoting Jordan v. SEI Corp., No. 96-1616, 1996 WL 296540, at *6 (E.D. Pa. June 4, 1996)); see also D'Elia v. Grand Caribbean Co., Ltd., No. 09-CV-1707, 2010 WL 1372027, at *3 (D.N.J. March 30, 2010) ("In the Third Circuit, a non-signatory party may enforce a forum selection clause in a contract if the party is a third-party beneficiary of the contract or is closely related to the contractual relationship or dispute such that it is foreseeable that the party will be bound."); Coastal Steel, 709 F.2d at 203 (forum selection clause enforceable against third-party beneficiary to the contract). Courts have found sufficiently close relationships and foreseeability in a number of contexts. Corporations owned and controlled by the party signing the contract containing the forum selection clause have been found to be bound by the clause. Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209-10 (7th Cir. 1993). The employees of a principal who signs a contract containing a forum selection clause are similarly bound. Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287 (3d Cir. 1996) (citing and distinguishing, Pritzker v. Merrill Lynch, Pierce, Fenner

& Smith, Inc., 7 F.3d 1110, 1121 (3d Cir. 1993))[1]; see also Affiliated Mortgage Protection, LLC v. Tareen, No. 06-4908, 2007 WL 203947, at *3, 4 (D.N.J. Jan. 24, 2007) (employees are "closely related to the contractual relationship" and therefore bound by the forum selection clause). In addition, when signatories and non-signatories act together against the interests of the plaintiff, the non-signatory co-conspirators may also be bound by the forum selection clause. Magi XXI, Inc. v. Stato Della Citta Del Vaticano, No. 07-CV-2898, 2011 WL 3794057, at *7 (E.D.N.Y. Aug. 24, 2011).

The non-signatory Defendants here are UPB, Amy Herzog, Dennis Herzog, Barbara Herzog, and Perfect Painters. The Court finds that Plaintiff has proved by a preponderance of the evidence that all of them are closely related to the contractual relationship established by Michael Herzog when he signed the contract containing the forum selection clause, and should have foreseen that they would be bound by that clause.

There is no dispute that UPB was the corporation established by Michael Herzog through the relevant contract. He signed the contract in his capacity as "President" of UPB. Licensing Agreement, Compl. Ex. A at 13. UPB was listed as the "entity controlled by Licensee." Id. Michael Herzog established the company that did business as UPB, as a franchisee and later a licensee of FFMG, and he ran the business. Affidavit of Joshua Jablon ("Jablon Aff.") ¶¶ 2-5; Preliminary Injunction Hearing, Audio File 09/23/2011 9:30 AM ("PI Hearing") at 6:45-7:40, 8:27-8:44. The Court finds that UPB is inextricably linked to the contract containing the forum

---

[1] Although Pritzker dealt with an arbitration clause, and one of the issues in Dayhoff was an arbitration clause, the Third Circuit noted in Dayhoff that the distinction between an arbitration clause and forum selection clause was irrelevant when reviewing the district court's analysis, which included whether non-signatories were bound. Dayhoff, 86 F.3d at 1298 n.9.

7

selection clause and Plaintiff may therefore enforce the clause against it.  See, e.g. Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209-10 (7th Cir. 1993)**.**

Amy, Dennis and Barbara Herzog worked with Michael Herzog at UPB.  Jablon Aff. ¶ 5-6; Affidavit of Colleen Gallagher ("Gallagher Aff.") ¶¶ 2-3; PI Hearing at 12:05-12:30, 1:07:08-1:08:10.  Amy, Dennis and Barbara Herzog formed Perfect Painters with Michael Herzog and worked there, allegedly competing in violation of the non-compete clause in the contract.  Jablon Aff. ¶¶ 8-9, 11, 16; Hearing on Motions, Audio File 12/19/2011 3:00 PM ("Motions Hearing"), at 29:09-29:19 (deposition testimony of Dennis Herzog regarding his work for Perfect Painters), 33:34-35:15 (deposition testimony of Michael Herzog indicating that he worked for Perfect Painters).  Although there was not much evidence on this point, probably because neither party briefed the issue of whether these other Defendants were "closely related" to the relevant contractual relationship here, Defendants have not put forth any evidence to contradict the Plaintiff's evidence on this point, and the Court therefore finds that Plaintiff proved these facts by a preponderance of the evidence.  That these parties were employees of UPB is enough for this Court to find them "closely related" for purposes of the forum selection clause analysis.  This is especially true given that UPB was a small family-run business.  That these Defendants worked together for Perfect Painters, against Plaintiff's interests, buttresses the Court's conclusion that they should have foreseen that the forum selection clause would be enforced against them.  This Court will therefore do so.

The only remaining question is the Court's jurisdiction over Perfect Painters itself.  Plaintiffs put forth evidence demonstrating that Perfect Painters was a painting business run by the Herzog family, working in the geographic area covered by the broad non-compete clause.

Jablon Aff. ¶¶ 8-11, 16; PI Hearing at 19:57-24:40, 1:20:10-1:21:16; Motions Hearing, at 29:09-30:54, 33:34-35:15.  Because Perfect Painters is run by the same individuals, doing the same work as Michael Herzog received a license to do under the contract with FFMG, the Court finds that it too is sufficiently related to Michael Herzog and the underlying contract such that this Court may enforce the forum selection clause against it.

## VI.    Conclusion

The Court finds that Plaintiff has proved, by a preponderance of the evidence, that it may exercise jurisdiction over all Defendants, due to the forum selection clause Michael Herzog signed consenting to personal jurisdiction in this Court.  Defendants' Motion to Dismiss will therefore be DENIED.

An appropriate Order follows.

O:\CIVIL 11-12\11-5821 First Fin v Univ\First Fin v University Memorandum re MTD.wpd